IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. KNECHT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANDREA M. KNECHT, APPELLANT.

Filed February 9, 2021.    No. A-20-314.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Mallory N. Hughes, of Dornan, Troia, Howard, Breitkreutz & Conway, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, BISHOP, and WELCH, Judges.

BISHOP, Judge.

### INTRODUCTION

Andrea M. Knecht pled no contest to one count of sexual assault in the first degree. The Douglas County District Court sentenced her to 20 to 30 years' imprisonment. Knecht claims the district court abused its discretion in rendering its sentence 1 day prior to the sentencing hearing, as evidenced by the date contained on the court's commitment order (mittimus). She contends this deprived her of an opportunity for allocution. She also claims the court imposed an excessive sentence. We affirm.

### BACKGROUND

On July 12, 2019, the State filed an information charging Knecht with one count of sexual assault on a child in the first degree, a Class IB felony, pursuant to Neb. Rev. Stat.

- 1 -

§ 28-319.01(1)(b) (Reissue 2016). The events resulting in this charge occurred in the first half of 2013.

At a hearing held on January 31, 2020, the State requested leave to file an amended information charging Knecht with one count of first degree sexual assault, a Class II felony, pursuant to Neb. Rev. Stat. § 28-319(1)(c) (Reissue 2016). Following the court's receipt of the amended information, Knecht pled no contest to the charge of first degree sexual assault set forth in the amended information. According to the factual basis provided by the State,

> on March 1st, 2019, the victim of this case, "KG," was interviewed regarding some allegations that had been reported to the Omaha Police Department. During that interview, "KG" reported that in 2013, when she was a 14-year-old student at [named] High School, this defendant, Andrea Knecht, was her high school basketball coach. The defendant was 27 years old at that time. And between January and May of 2013, the defendant subjected "KG" to oral and digital penetration in the defendant's vehicle and in the victim's home.
>
> Phone records were gathered which shows [sic] hundreds of calls between the victim and the defendant during that time period ongoing until the victim's parents reported their concerns to the school and the school told the defendant to stop contacting the victim. The defendant then, according to reports, bought the victim a burner phone to continue their contact. The police also were able to obtain e-mails between the defendant and victim during that time period. In many of those . . . , the defendant and victim are discussing their relationship. The defendant is indicating that she is in love with the victim and they are discussing sexual acts.
>
> These events occurred here in Douglas County. The defendant was 27, and the victim was 14 years old at the time.

The district court accepted Knecht's no contest plea to the charge and found her guilty of the same. The case was then set for sentencing.

After a sentencing hearing held "via Webex" on April 16, 2020, the district court sentenced Knecht by oral pronouncement to 20 to 30 years' imprisonment, with credit for 2 days already served. On the same day, the court entered a sentencing order consistent with its oral pronouncement.

## ASSIGNMENTS OF ERROR

Knecht assigns, restated, that the district court erred in (1) rendering its sentence 1 day prior to the sentencing hearing as indicated by the date of the mittimus, thus denying Knecht's right to allocution; and (2) imposing an excessive sentence that was arbitrary and capricious.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Gray*, 307 Neb. 418, 949 N.W.2d 320 (2020). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

## ANALYSIS

### MITTIMUS AND ALLOCUTION

Knecht contends the district court abused its discretion by rendering Knecht's sentence one day prior to the sentencing hearing. She directs us to the court's mittimus order dated April 15, 2020, which was the day before the April 16 sentencing hearing and entry of the sentencing order. The mittimus reflects a sentence of "20-30 YEARS." Although the mittimus is not file-stamped until April 16, Knecht claims the file-stamp date is "irrelevant" and argues that the mittimus shows the district court determined a sentence of 20 to 30 years' imprisonment the day before sentencing and thus denied Knecht her right to allocution. Brief for appellant at 13. The State responds that the "mittimus is not part of the district court's judgment," but, rather, "a separate order of commitment that results from the court's judgment." Brief for appellee at 6. The State further contends that the date on the mittimus was "clearly a typographical error." *Id.*

Whether the April 15, 2020, date on the mittimus was a typographical error or not, that document was not filed by the district court until April 16. Thus, even if the court had contemplated a sentence of 20 to 30 years' imprisonment the day prior to the sentencing hearing, the question is whether Knecht was provided an opportunity for allocution before the court entered its final sentencing judgment on April 16.

Allocution is an unsworn statement from a convicted defendant to the sentencing judge or jury in which the defendant can ask for mercy, explain his or her conduct, apologize for the crime, or say anything else in an effort to lessen the impending sentence. *State v. Pereira*, 284 Neb. 982, 824 N.W.2d 706 (2013). In Nebraska, allocution is statutorily required by Neb. Rev. Stat. § 29-2201 (Reissue 2016). See *State v. Pereira, supra.* Section 29-2201 provides that before a sentence is pronounced, the defendant must be informed by the court of the verdict and asked whether he or she has anything to say as to why the judgment should not be passed against him or her. See, § 29-2201; *State v. Pereira, supra.* The most practical rationale underlying allocution is that it provides an opportunity for the offender and defense counsel to contest any disputed factual basis for the sentence. *State v. Pereira, supra.* It is also an opportunity for the defendant "'to present countervailing information, and to test, question, or refute the relevance of information on which the judge may rely in determining the sentence to be imposed.'" *State v. Pereira*, 284 Neb. at 985, 824 N.W.2d at 710 (quoting *State v. Barker*, 231 Neb. 430, 436 N.W.2d 520 (1989)).

The sentencing hearing took place "via Webex" on April 16, 2020. At that time, Knecht's counsel offered to the district court a sentencing memorandum and accompanying exhibits 1 through 15. Defense counsel asked that the sentencing memorandum be incorporated into the presentence investigation report (PSR) and that the court receive the exhibits "for purposes of [] allocution." The court received the exhibits. Knecht contends the district court "ignored and failed to review" that memorandum and exhibits, which constituted Knecht's written allocution. Brief for appellant at 13. She suggests that the court could not have reviewed the sentencing memorandum and the 15 exhibits since the memorandum was not incorporated into the PSR, nor were the exhibits received, until the time of sentencing.

However, as pointed out by the State, those documents "were provided to the district court prior to the hearing, which was conducted by Webex," and the "court could not have received

exhibits that it did not possess[].” Brief for appellee at 6. In other words, these documents would have all been in the court’s possession and available for review prior to the sentencing hearing. The State further notes, “The fact that the district court did not specifically mention those items prior to imposing sentence does not mean that it failed to consider them.” *Id*.

Importantly, in addition to receiving the documents submitted by Knecht as her written allocution, the district court also asked whether there were “any remarks that [Knecht’s counsel] or [Knecht] would like to make.” In response, Knecht’s counsel addressed the court at length, filling approximately 4 pages in the bill of exceptions. Defense counsel emphasized that the results and scores contained in the PSR indicated that Knecht was “a very low risk individual.” Defense counsel described that Knecht was “a married mother of a one-year-old son with no other criminal history whatsoever” who “has lived not just a law-abiding, but a productive[,] . . . generous[,] . . . [and] empathetic life.” Counsel directed the court’s attention to the letters and reports offered at the sentencing hearing detailing Knecht’s character and expert opinions concerning Knecht’s low risk to reoffend and the appropriateness of probation. Counsel stressed that Knecht’s lost employment and status as a “lifetime felon” and “registered sex offender for the next 25 years” could not be “overlooked” as “significant consequences” that Knecht would face in addition to the court’s sentence. Counsel further described that there was “no number of days, months, or decades” the court could sentence Knecht to that would “undo[]” the circumstances the victim “has gone through and continues to go through.” Emphasizing the goal of rehabilitation and that Knecht had taken responsibility for her actions, counsel requested the court to sentence Knecht to probation.

Knecht also personally addressed the court, stating, “I’m extremely sorry for the pain that I may have caused [K.G.] and her family. And as the adult, I take full responsibility for my mistake and actions.”

Based on the record before us, and regardless of whether the mittimus date was a typographical error, we cannot say that the district court denied Knecht her right to allocution. The bill of exceptions reflects that the documents constituting Knecht’s written allocution were in the court’s possession at the time of the video conference sentencing hearing on April 16, 2020, at which time they were formally received. Further, both Knecht and her counsel had the opportunity to speak directly to the court at the sentencing hearing. While Knecht’s counsel did not delve into the particulars of every exhibit offered to the court, she affirmed their content concerning Knecht’s character and the appropriateness of a sentence of probation. Knecht had the opportunity to test, question, or refute the relevance of information on which the judge might rely in determining the sentence to be imposed. See *State v. Pereira, supra.* And, it was only after Knecht had her opportunity for allocution that the court determined and ordered its final sentencing judgment.

EXCESSIVE SENTENCE

Knecht was convicted of one count of first degree sexual assault, a Class II felony, pursuant to § 28-319. The Class II felony was punishable by 1 to 50 years’ imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Knecht, age 34 at the time of sentencing, was sentenced to 20 to 30 years’ imprisonment. Her sentence was within the statutory range.

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Gray*, 307 Neb. 418, 949 N.W.2d 320 (2020). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.* Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Williams*, 306 Neb. 261, 945 N.W.2d 124 (2020). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

In addition to the allocution provided by Knecht and her counsel as set forth previously, K.G. and her mother also participated in the sentencing hearing. K.G.'s mother told the district court that Knecht's actions "devastated" her family and "destroyed [her] daughter." She claimed the "exuberant, extraverted, happy, over-achieving daughter [was] gone," and "[i]n her place we now have a fragile victim who's in a constant state of anxiety and PTSD." She said "[o]ur normal family life is gone," and "[w]e are constantly walking on eggshells, afraid we might say or do something to upset [K.G.] or inadvertently hurt her feelings or set her back." She spoke of having K.G. in therapy since high school. K.G.'s mother asked the court to sentence Knecht to the maximum penalty allowed, noting that Knecht "lied to us and she manipulated us."

The State also pointed out that Knecht was a coach and authority figure "who is held to a standard above even other adults." "These are the people that we trust our children to every day[,]" and Knecht "took advantage of that trust." The State also noted that when Knecht had been confronted about the "wrongfulness of her actions" at the time, "instead of stopping it, [she] took actions to avoid being caught," giving K.G. "a phone that looked exactly like her other phone that she could use when her parents had blocked this woman from [K.G.'s] contacts[.]"

According to the PSR prepared by a senior probation officer, Knecht is married and has one child. She has a bachelor's degree and was employed as a sales associate with a company prior to this case. She has no prior criminal history other than minor traffic infractions.

A "Level of Service/Case Management Inventory" was conducted as part of the PSR. This instrument determines the degree of risk the offender presents to the community and the risk to recidivate. Knecht scored in the "medium risk range" for the criminogenic risk factor domains for education/employment, leisure/recreation, and antisocial pattern. She scored in the "low risk range" for the domain of procriminal attitude/orientation. She further scored in the "very low risk range" for the domains of criminal history, family/marital, companions, and alcohol/drug problems. Knecht was also administered the Substance Abuse Questionnaire, and she scored in the "maximum risk range" for stress coping and in the "medium risk range" for truthfulness and

antisocial. Overall, Knecht "scored an 8 on the LS/CMI," which placed her in the "low risk category."

The probation officer acknowledged that "[o]n the surface [Knecht] appears to be an appropriate candidate for probation[] because of her lack of a criminal history, lack of drug and alcohol abuse and for the most part prosocial lifestyle. However, the ongoing and lifelong effects of her behavior on the victim are clearly articulated by the victim's mother." The probation officer further stated: "This is a case that clearly demonstrates that actions have consequences. A sentence of probation would be considered excessively lenient because it does not appropriately reflect the serious nature and circumstances of the offense." A straight sentence of incarceration was recommended "to promote accountability for [Knecht's] actions."

The district court stated that it had reviewed "the probation file, including the police reports and the Presentence Investigation, as well as the attachments, including the psychological evaluations." The court further stated that it had considered the relevant sentencing factors. The court found Knecht was not an appropriate candidate for probation and sentenced Knecht to 20 to 30 years' imprisonment, noting that if she lost no good time, she would be eligible for parole after 10 years, and subject to mandatory release after 15 years.

Knecht asserts the district court erred when it "considered none of the [sentencing] factors" described in Nebraska law and "failed to even review, let alone consider" the evidence offered to the court that "strongly suggest[ed] a sentence to probation." Brief for appellant at 16. Knecht describes such evidence as including letters by third parties concerning her character and the opinions of experts regarding her risk of reoffending and the propriety of probation.

It is true that the district court did not specifically address the details underlying its sentencing decision. The district court stated that it had considered Knecht's "age, mentality, . . . education, . . . experience, . . . cultural background, . . . lack of past criminal record, . . . law-abiding behavior, motivation for the offense, and the nature of the offense" in determining her sentence. The court also stated it had reviewed the "probation file" which included the PSR and accompanying attachments. Knecht suggests that the court abused its discretion by failing to review her sentencing memorandum and exhibits 1 through 15, apparently because the court failed to specifically reference those documents when sentencing her. However, a sentencing court is not required to make specific factual findings to justify the sentence imposed. See *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017) (no evidence district court failed to consider appropriate factors; court not required to make specific factual findings to justify sentence imposed).

The fact that Knecht has led a law-abiding life since her wrongful behavior took place back in 2013 certainly weighs in favor of a lighter sentence or perhaps even probation, as noted in the PSR. However, it appears the district court agreed with the probation officer's ultimate recommendation of a straight sentence due to the serious nature of the offense. As pointed out by the State, Knecht was a coach and authority figure, and was therefore someone who parents should be able to trust with their children. Knecht took advantage of her position of trust, and she also failed to cease her wrongful behavior when initially confronted about it back in 2013. And while Knecht expressed remorse for her actions and we agree with her that factors exist which would ordinarily favor probation, our review of a sentencing order is limited to an abuse of discretion standard. And because the appropriateness of a sentence is necessarily a subjective judgment and

includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life, a sentencing court is accorded very wide discretion in imposing a sentence. *State v. Rogers, supra*.

Having considered the relevant sentencing factors, including the nature of Knecht's offense and her individual situation, as well as the record before us which includes the exhibits offered by Knecht at the sentencing hearing, we cannot say that Knecht's sentence of 20 to 30 years' imprisonment was an abuse of the district court's discretion.

## CONCLUSION

For the reasons stated above, we affirm the sentence imposed by the district court.

AFFIRMED.